We're presenting the position of Director of Public Agency Interaction with Public Service Supervisors. And we're talking about the role of the state agency in the position of Director of Public Department. The way that this would fit into our role as a state agency, state agency expert, is that a state agency is capable of superficial interaction with the public. And that's how I see it. What she said, what she said, I said, there's no more confusion per se. But, you know, suggesting that there should be a need to have interpersonal relations with our public resources is one of those three considerations. All right. So we're suggesting that it could be. That's what she said. But then you have an operating primary partner. What would be the situation in this situation? She said, what she said, she said, we could push the waters in this superficial part of the business. Yes. My question is, when you say interspersial, you're saying interpersonal. Do you mean between the institution and the agency? So, rather than the agency, it's very clear that there is interspersial. Why is interspersial interaction perhaps excessive? Because the agency is a state agency. I'm sorry. No, my question is, should such a part of our service be interpersonal? Yes. It could. That's what she said. She said, what she said, we're interested in working with our staff and cooperating and including Section 3 investors in a larger capacity or larger parts of the city. They're going to be buying in a lot of the folks that are working for us. And so, they're going to be buying in Section 3 investors. And so, again, we need to be certain that we have the staff. And if that's the agency's position, since they're the entire city, then there needs to be always a sufficient number of agencies. And so, please don't let me do that. Because that's always the whole point. Because the agency is such a factor in our personal strategy. It's a residual function of capacity assessment. I'm sorry. I'm going to have to take a second for the long notation. I'm sorry. I'm going to have to explain the process. But I understand that's the idea. And it's just, you know, I'm not going to try to sort of regularize the regulation process. I need to explain the way it works. And that's not the way the consultant is going to do it. But I guess, for the people watching this, do you have any idea how much you should have included in the RFC? In terms of, you know, in terms of disability involved with peers and supervisors. And Dr. Walker said that CTIB was not significant. It was just a percentage of the work that was published. I'm trying to figure out why. And I have these limitations that you have. It seems like there's a big issue about it. It seems like there's a big issue about it. I mean, it's a personal task. It's a non-public thing. It's a mutual obligation. It's a co-workership. We have to determine. I mean, that is what counts. It's reasonable. But this is a task. It's a support task. It's a co-description. And by the way, I'm going to show you a page here. And I just wanted to hear from you today why that is. Yes. So, the question is, whether a person who suffers from a disability is expected to engage in the interaction with others. And the question is, whether you get everything that you need to do to assist the rights of the vulnerable. And that's how we got to this. It was a problem, of course, in the first place. And it's not a bad idea. So, there's a classification of it. So, Dr. Walker was on these things. So, I'm not sure if this is a superficial dictionary. It's not a superficial dictionary. You know, how do you respond to how fast you respond to social media? Well, you know, there's a whole bunch of different things on there. And so I'm not sure if it's a good idea to do that. I'm just saying that you have to respond to social media. It's not just how fast you respond. It's how you respond to social media. It's not just how you do things. Okay. So, the first piece, correct me if I'm wrong. Okay. I'm sorry. I'm sorry. I'm just not used to using social media. I'm not sure that there is a particular industry that has that. There's not. There's not. There's not. There's not. I can't see. Okay.
judges: Berzon, Murguia, McCalla